IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------x
In re                                       :
                                            :  Chapter 11
      KENNETH J. TAGGART                    :
                                            :  Bankruptcy No. 21-12476 (AMC)
                      Debtor.               :
                                            :  Hearing Date: 5/4/22 at 12:30pm
                                            :  Objection Date: 4/22/22
-------------------------------------------------------x
```

## CITY OF PHILADELPHIA'S MOTION TO DISMISS

AND NOW, comes the City of Philadelphia, (the "City"), a secured creditor and general secured creditor in the above-captioned case, by and through its Counsel, Pamela Elchert Thurmond, Senior Attorney, pursuant to Bankruptcy Code §1112(b)(1), to dismiss the Debtor, Kenneth Taggart's bankruptcy case.

The Debtor has been under bankruptcy protection for six months without taking the necessary steps to move this case forward and without a reasonable possibility of a confirmable plan. The City avers the following in support thereof:

## FACTUAL STATEMENT

1. On September 9, 2021, the Debtor filed a voluntary petition for Chapter 11 bankruptcy with this Court.

2. On October 17, 2021, the Debtor filed a list of all real property owned by him in Philadelphia, which included 7606 Bustleton Avenue, 7610 Bustleton Avenue and 7242 Saul Street, Philadelphia, PA ("the Subject Properties"). See Exhibit A.

3. The Debtor values the Subject Properties at a current value of Four Hundred Fifty Dollars ($450,000). See Exhibit A.

1

4. On September 30, 2021, the City filed a secured claim amounting to Four Thousand Three Hundred Eighty-Eight Dollars and Ninety-Two Cents ($4,388.92) for water sewer debt owed by the Debtor to the City. See Exhibit B.

5. On October 5, 2021, the City filed a claim amounting to Twenty-Four Thousand Eight Hundred Twenty-Nine Dollars and Four Cents ($24,829.04) owed by the Debtor to the City. The City's secured portion totals $24,197.06 and general unsecured claim totals of $631.98. See Exhibit C.

6. As of today's date, the Debtor owes the following post-petition debts to the City:

| Debt Type | Amount | Address |
| --- | --- | --- |
| Water | $232.24 | 7606 Bustleton Avenue (as of 3/28/22 bill) |
| Real Estate Taxes (2022) | $271.34 | 7610 Bustleton Avenue |
| Water | $138.77 | 7610 Bustleton Avenue (as of 3/21/22) |
| Real Estate Taxes (2022) | $1845.62 | 7242 Saul Street |
| Water | $178.32 | 7242 Saul Street (as of 3/24/22) |

See Exhibits D (Water Bills) & E (REA screenshots).

7. The Debtor's plan exclusivity has lapsed. See Court Order dated February 3, 2022 [Docket No. 107].[1]

8. The Debtor has not filed a motion to set a bar date in this case.

9. The Debtor has not filed a Plan or Disclosure Statement.

10. The Debtor's bankruptcy case should be dismissed for cause pursuant to Section 1112(b) of the Bankruptcy Code because there is an absence of a reasonable likelihood of

---

[1] The Debtor has asked for reconsideration on that issue which is scheduled for a hearing on April 27, 2022.

rehabilitation as wells as the failure to file monthly operating reports and pay post-petition taxes.

11. Section 1112(b)(1) of the Bankruptcy Code specifies "on request of a party in interest, and after, notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ."

12. Pursuant to 1112(b)(4), cause includes:

**(A)** substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
**(B)** gross mismanagement of the estate;
**(C)** failure to maintain appropriate insurance that poses a risk to the estate or to the public;
**(D)** unauthorized use of cash collateral substantially harmful to 1 or more creditors;
**(E)** failure to comply with an order of the court;
**(F)** unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
**(G)** failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
**(H)** failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
**(I)** failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
**(J)** failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
**(K)** failure to pay any fees or charges required under chapter 123 of title 28;
**(L)** revocation of an order of confirmation under section 1144;
**(M)** inability to effectuate substantial consummation of a confirmed plan;
**(N)** material default by the debtor with respect to a confirmed plan;
**(O)** termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
**(P)** failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

13. The examples of cause listed in Section 1112(b)(4) of the Bankruptcy Code are meant to be "illustrative and not exhaustive." In re Ramreddy, Inc., 440 B.R. 103, 112 (Bankr. E.D. Pa. 2009).

14. If the moving party establishes an initial showing of cause, then the burden shifts to the Debtor to show "unusual circumstances" exist for the exception in Section 1112(b)(2). Id.

15. "Under Code § 1112(b)(2), a court may dismiss or convert a Chapter 11 case if it determines that it is unreasonable to expect that a plan can be confirmed." In re Pensignorkay, Inc., 204 B.R. 676, 680 (Bankr. E.D. Pa. 1997).

16. The Debtor's bankruptcy case should be dismissed because the Debtor cannot put forth a confirmable plan. See 1112(b)(1)(A).

17. In the Debtor's motion for extension of the plan exclusivity [Docket No. 76] he outlined the actions he was going to take with respect to claims in his case. With respects to claims of the IRS, PADOR and Water Revenue Bureau[2], the Debtor said he may need to hire a tax accountant or lawyer, but the Debtor has not taken any action to do so.

18. The Debtor further stated many claims could be resolved in the specified periods: 30 to 90 days (Claim #3), 45 to 90 days (Claim #10), 30 to 120 days (Claims #1, 2, & 5) or

---

[2] With respect to the City's water and tax claims, the Debtor asserts he is being "double billed" because the Debtor's "two parcels were combined into one parcel, but still billed for two." Exclusivity Motion at pp. 2-3. Excepting one brief phone call and one email in which the City provided copies of water account statements, the Debtor has done nothing to address his alleged disputes with the City.

Nonetheless, the City has reviewed the Debtor's assertions and found them to be meritless. To consolidate two parcels, a taxpayer would need to file and record with the Recorder of Deeds, a consolidated deed, which the Debtor has failed to do. In addition, any challenge the City's tax assessment is untimely under state law and therefore, the Bankruptcy Court is prohibited considering it pursuant to 11 U.S.C. § 505(a)(1)(C).

4

60 to 180 days (Claim #7). No claims objections have been filed and there is no evidence of resolution with any creditors even though the Debtor's motion for extension of plan exclusivity was filed over 90 days ago.

19. Creditors have filed secured claims of more than $2.6 million dollars, priority claims of more than $2,900, and general unsecured taxes of more than $700,000 in this case.

20. The Debtor's Monthly Operating Reports do not reflect the Debtor has sufficient income to pay these debts.

| Date | Income in excess of Expenses | Cash at Month's End |
|---|---|---|
| September 2021 | $2430 | $235 |
| October 2021 | $2748 | $5037 |
| November 2021 | $465[3] | $9,302 |
| December 2021 | ($1340) | $7,962 |
| January 2021 | ($12) | $7,950 |

21. The Debtor only has average disposable income of $858.20, which over a 60-month plan would total $51,492.

22. Thus, the Court should dismiss this case pursuant to 11 U.S.C. § 1112(b)(4)(A) as the Debtor's case lacks a reasonable likelihood of rehabilitation.

23. Furthermore, in the alternative, the Court should dismiss the case pursuant to 11 U.S.C. § 1112(b)(4)(F) because the Debtor has failed to file the February monthly operating report.

---

[3] This Monthly Operating Report is internally inconsistent, but the City reported the number most favorable to the Debtor.

24. In the alternative, the Court should dismiss the case pursuant to 11 U.S.C. § 1112(b)(4)(I) because the Debtor has failed to pay post-petition real estate taxes of $2116.96 and post-petition water debt of $549.33.

WHEREFORE, the City respectfully requests that this Honorable Court GRANT the City's motion to dismiss the bankruptcy case.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: April 8, 2022        By:    */s/ Pamela Elchert Thurmond*
PAMELA ELCHERT THURMOND
Senior Attorney
PA Attorney I.D. 202054
Attorney for the City of Philadelphia
City of Philadelphia Law Department
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0508 (phone)
Email: Pamela.Thurmond@phila.gov