# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Kenneth J. Taggart
dba Kenneth J. Taggart, Landlord,
Debtor

Chapter 11 Proceeding

RE: Kenneth J. Taggart
dba Kenneth J. Taggart, Landlord

Case No. 21-12476 AMC

## *DEBTOR'S OPPOSITION TO*
## MOTION FOR RELIEF FROM STAY BY
## AJX MORTGAGE TRUST I

### I. SUMMARY OF RELIEF

1. On September 9,2022 debtor filed a Chapter 11 petition with this court and all claims against debtor were stayed pursuant to Rule 362.

2. Debtor contends the relief from stay should be denied as Debtor has been prejudiced by the improper stay imposed upon him without authority.

3. The stay is only imposed a on claims against debtor, not by debtor, so that debtor has a chance to reorganize and settle claims for at least six months. This was not afforded to debtor as his claims were improperly stayed and he was prejudiced by this improper stay.

4. Lifting the stay of AJX would not only prejudice debtor, it would violate his due process rights.

5. The stay would violate his due process and property rights as well as equal protection under the law, including being a protected class.

6. On November 11,2021 this court imposed an Automatic Stay upon Debtor as to claims he had already pending against AJX Mortgage Trust I prior to initiating his bankruptcy

1

petition on September 11, 2021.

7. Debtor contends there was no authority to impose a stay on his claims that he had Against AJX, Gregory, LLC, or their parties, Rule 362 simply provides no authority to do so, nor does any other statute provide the court to stay these related claims without consent of Debtor. Debtor has provided no consent to adjudicate these claims.

8. The "Stay" issued by the court in November 2021 was granted on the reliance of AJX Mortgage Trust I's assertion that the automatic stay was proper, or the court had authority pursuant to 11 U.S.C 362.

9. While Debtor contested the authority of the court pursuant to 11 U.S.C 362 to impose a stay upon Debtor to his claims against AJX Mortgage Trust I, the court granted the "stay" as to claims against AJX in the Quiet Title Action.

10. The relief from the imposed "Stay" of debtors claims would expedite the claims that were near adjudication. They could have been adjudicated had a "Stay" not been imposed by the court. They were scheduled for trial in December 2021, *Santangelo Law Offices, P.C. v. Touchstone Health LLC (In re Touchstone Home Health LLC), No. 17-11134, 2017 WL 3669541, * 19 (Bankr. D. Colo. Aug. 21, 2017)* (A Stay lifted to permit continuation of arbitration proceeding that was largely completed when concluding the arbitration would liquidate creditor's claim and be less expensive and more expeditious for various reasons, including limited appellate rights)

11. Debtor, Kenneth Taggart, also requests a relief from the stay imposed so that the related claims may be adjudicated so that a determination, and resolution of the claim can be determined to administer the estate and formulate a plan.

12. Debtor identifies this action as a non-core proceeding as by definition the claims

existed outside the bankruptcy and existed prior to filing the bankruptcy petition[1]

## II. ARGUMENT

Automatic Stay, § 362. Subsection 362(d) of the Bankruptcy Code provides as follows: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... such as by terminating, annulling, modifying, or conditioning such stay ...." 11 U.S.C. § 362(d). A request for relief from the stay is a "contested matter" commenced by a motion and governed by Bankruptcy Rule 9014. Fed. R. Bankr. P. 4001.

As Such pursuant to Subsection 362(d) Debtor files this motion for a relief from stay[2].

---

[1] Core proceedings encompass those claims that are directly related to the bankruptcy court's central functions. These claims must either "arise in" or "arise under" a Title 11 case. See 28 U.S.C. § 157(b). To be considered a core proceeding, the claim must not be able to exist in law in the absence of the Bankruptcy Code. Thus, a proceeding is core only if it invokes a substantive right created by federal bankruptcy law. All core proceedings may be heard by a bankruptcy judge, who possesses authority to enter final judgment on the merits.

On the other hand, a claim is considered **non-core if it is simply related to the underlying bankruptcy case. See 28 U.S.C. § 157(c).** A proceeding is related to a bankruptcy case if the outcome of the action could conceivably have an effect on the administration of the bankruptcy estate**. A non-core claim thus exists outside the bankruptcy action and is one that can be asserted in the absence of the Bankruptcy Code.** A non-core claim, however, *may not be finally adjudicated by the bankruptcy court absent the parties' consent.* Rather, barring consent the bankruptcy judge may only submit proposed findings of fact and conclusions of law to the district court for review.

...Debtor has no consented to adjudication of these non-core proceedings

[2] Despite Debtors opposition to the stay, the court imposed a stay on November 11, 2021. The debtor contends that the stay only applies when the action is "against the debtor." An action is against the debtor" if it was initiated against the debtor. *Barbier v. Shearso LehmanHutton,* 943 F.2d 249,250 (2d Cir.1991); *Commerzanstalt,* 790 F.2d at 207. The 362 stay provision" does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate" Carley Capital Group v Fireman's Fund Ins. Co 889 F 2d 1126,1127 (D.C. Cir 1989) (per curiam) Thus 362 (a) does not prevent entities against whom the debtor proceeds in an offensive posture; "for example, by initiating a judicial adversarial proceeding "from protecting their legal rights" In Financial News Network Inc., 158 B.R. 570, 573 (S.D.N.Y. 1991) (quoting Martin-Trigona v Champion Federal Savings and Loan Ass'n, 892 F .2d 575,577 (7th Cir 1989)

The automatic stay provides a period of time in which all judgments, collection activities, foreclosures, and repossessions of property are suspended and may not be pursued by the creditors on any debt or claim that arose before the filing of the bankruptcy petition. As with cases under other chapters of the Bankruptcy Code, a stay of creditor actions against the chapter 11 debtor automatically goes into effect when the bankruptcy petition is filed. 11 U.S.C. § 362(a). The filing of a petition, however, does not operate as a stay for certain types of actions listed under 11 U.S.C. § 362(b).

The hearing on a motion for relief from the automatic stay is (1) "merely a summary proceeding of limited effect," (2) "not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims," and (3) "merely a grant of permission from the court allowing the creditor to litigate its substantive claims elsewhere without violating the automatic stay." *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 31-35 (1st Cir. 1994); *accord In re Vitreous Steel Prods.* Co., 911 F.2d 1223, 1232-34 (7th Cir.1990); *Johnson v. Righetti (In re Johnson),* 756 F.2d 738, 740 (9th Cir. 1985).

At an expedited hearing under subsection (e), and at all hearings on relief from the stay, the only issue will be the claim of the creditor and the lack of adequate protection or existence of other cause for relief from the stay. Section 362(d) spells out two paths to an order granting relief from the stay: (i) proof of "cause" or (ii) in the case of a stay against property, proof that the debtor lacks equity in the property and that the property is not necessary to an effective reorganization. Lifting the stay for "cause" is typically the most applicable basis for seeking relief from the stay to commence or continue a lawsuit. The party opposing relief from the stay for "cause" (usually the debtor or trustee) has the burden of proof

The Bankruptcy Code does not, however, define the phrase "for cause." In determining whether "cause" exists to lift the stay for prepetition litigation, courts consider the following factors (the "*Sonnax* Factors"):

> (1) whether relief would result in a partial or complete resolution of the issues,
> (2) the lack of any connection with or interference with the bankruptcy case,
> (3) whether the other proceeding involves the debtor as a fiduciary,
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action,
> (5) whether the debtor's insurer has assumed full responsibility for defending the action,
> (6) whether the action primarily involves third parties,
> (7) whether litigation in another forum would prejudice the interests of other creditors,

4

(8) whether the judgment claim arising from the other action is subject to equitable subordination,
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor,
(10) the interests of judicial economy and the expeditious and economical resolution of litigation,
(11) whether the parties are ready for trial in the other proceeding, and
(12) the impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re N.Y. Med. Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Not all of the *Sonnax* Factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis. *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)).

All sonic factors weigh in favor of relief from stay to Taggart, not AJX as it would cause no harm to Taggart and only help to resolve said claims. Adjudication of the claims will result in a partial or full resolution of issues or claims. Debtor requests oral argument and a hearing whereas Debtor may present argument prior to the court rendering a decision, and including the ability to cross examine AJX Mortgage Trust I, any party opposed to the motion, or any witnesses that may be present.

As Such, the motion by AJX to lift stay should be denied, and the claims by debtor that have been stayed by lifted.

Respectfully Submitted,

Kenneth Taggart, Pro Se Debtor